**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| J.H., a minor, by his next friend Belinda Kirk, mother of J.H., individually and as next friend and BELINDA A. KIRK, <br><br> Petitioners - Appellants, <br><br> v. <br><br> YOLANDA BALDOVINOSRE, Agency Director; et al., <br><br> Respondents - Appellees. | No. 12-15372 <br><br> D.C. No. 5:10-cv-02507-LHK <br><br> MEMORANDUM* |
| BELINDA A. KIRK, individually and as next friend for J.H., a minor, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> COUNTY OF ALAMEDA; et al., <br><br> Defendants - Appellees. | No. 12-16242 <br><br> D.C. No. 5:10-cv-05797-LHK |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| In re: IN THE MATTER OF J.H., a minor, | No. 12-16411 |
|---|---|
| | D.C. No. 5:12-cv-00802-LHK |

BELINDA K., mother of J.H.,

     Petitioner-cross-respondent - Appellant,

  v.

LORI JONES, Co-Director; et al.,

     Respondents-cross-petitioners - Appellees.

Appeal from the United States District Court
for the Northern District of California
Lucy Koh, District Judge, Presiding

Submitted May 9, 2014[**]
San Francisco, California

Before: D.W. NELSON, LEAVY, and THOMAS, Circuit Judges.

Belinda K. ("Belinda"), mother of J.H., an Indian child, appeals the district court's grant of summary judgment to appellees ("the County") in her Indian Child Welfare Act ("ICWA") petition; the court's grant of the County's motion to dismiss her 42 U.S.C. § 1983 action; and its decision to remand her removal action.

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Because the parties are familiar with the history of this case, we need not recount it here. We affirm the district court.

I

Belinda argues the district court erred by basing its rejection of her ICWA petition in part on hearsay declarations that violate her Sixth Amendment confrontation rights. She argues that any California statutes that allow for the admission of hearsay statements in juvenile proceedings violate the Sixth Amendment, as well. We disagree.

First, as the district court correctly noted in its denial of Belinda's motion for reconsideration, Belinda waived this issue by failing to object to these declarations below. *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1003-04 (9th Cir. 2002) (noting that this court will generally "not review issues raised for the first time on appeal," including new evidentiary arguments on appeal from a summary judgment order); *Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1141 n.6 (9th Cir. 1999) (noting that a district court has discretion not to consider an issue first raised in a motion for reconsideration and that, similarly, failing to raise an issue at the summary judgment stage, but raising it in a reconsideration motion, waives any right to bring the argument on appeal).

Moreover, to the extent Belinda bases her challenge in this civil action on the Sixth Amendment, "[t]he protections provided by the Sixth Amendment are explicitly confined to criminal prosecutions." *Austin v. United States*, 509 U.S. 602, 608 (1993) (internal quotation marks omitted).

Belinda also argues that the district court erred in rejecting her ineffective assistance of counsel claim. Specifically, she contends that when the court applied the two prongs of *Strickland v. Washington*, 466 U.S. 668 (1984), it erred in failing to apply the presumption of prejudice found in *United States v. Cronic*, 466 U.S. 648 (1984).

The district court did not err in its conclusion regarding *Cronic*. Assuming without deciding that the presumption in *Cronic* applies in a juvenile dependency proceeding, counsel's performance was not "so egregiously prejudicial" that the adversarial process broke down such that the prejudice presumption should apply. *United States v. Swanson*, 943 F.2d 1070, 1072 (9th Cir. 1991). Because the district court did not err in its reliance on certain declarations and in its assessment of Belinda's ineffective assistance argument, we affirm the district court as to her ICWA claim.

## II

Although the caption of her consolidated brief indicates she is also appealing the district court's dismissal of her § 1983 action and remand of her removal action, Belinda's brief contains no argument as to these appeals. As a result, we will not consider them and affirm the district court. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our circuit has repeatedly admonished that we cannot manufacture arguments for an appellant and therefore we will not consider any claims that were not actually argued in appellant's opening brief." (internal quotation marks omitted)).

**AFFIRMED.**